SAME CASE—ON A RE-HEARING.

A married woman has no mortgage on the real estate of her husband, for the reimbursement of money paid by her as his co-obligor *in solido*, where the law authorized her to join in the contract.

GARLAND, J. A re-hearing was ordered, *ex officio*, in this case, a doubt having arisen in our minds as to the soundness of the position assumed, that a married woman has a legal mortgage on the real estate of her husband, to secure the re-payment of money paid by her as his co-obligor, *in solido*, when the law authorizes her to join in the contract. We have re-examined our opinion upon this point, and are satisfied that, in this case, the plaintiff has no mortgage or lien to secure her for the money she paid to the Union Bank. The 25th section of the charter of the Bank, (acts of 1832, p. 62, 64,) makes it lawful for the wife to bind herself, *in solido*, with her husband, and declares that her dotal and paraphernal effects shall, in such case, be affected by the contract. The act no where gives her a lien or privilege on the property of her husband, in case she has to pay out of her own estate, and we cannot presume that any such was intended. We have not, in the new Code, been able to find any provision according a lien or general mortgage in a case like the present.

It is, therefore, ordered, that our former judgment be amended, so as to disallow the legal mortgage claimed by the plaintiff, Arrieux.